**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | |
|---|---|
| optionsXpress, Inc. and optionsXpress Holdings, Inc. ) <br>        **Plaintiffs**, ) <br>       v. ) <br> ) <br> optionsXpress Inc., Rong Nie, and Yiling Wang ) <br>        **Defendants**. ) <br> ) <br> ) | **Case No. 1:14-cv-00956-PKC** <br><br> **NOTICE OF MOTION** <br> **FOR DEFAULT JUDGMENT** |

SIRS:

     PLEASE TAKE NOTICE that Plaintiffs, OPTIONSXPRESS, INC. and OPTIONSXPRESS HODLINGS, INC., by its attorneys Winston & Strawn LLP, upon the annexed Affirmation of Scott R. Samay, the exhibits annexed hereto, the accompanying Memorandum of Law, and the pleadings and proceedings previously had herein, will move this Court, before the Honorable Kevin P. Castel, United States District Court Judge, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 12C, New York, New York, at a time and place to be established by the Court for an order:

    1.    Entering default judgment against Defendant OPTIONSXPRESS INC., pursuant to Rule 55.2(b) of the Local Rules for Southern District of New York and Rule 55 of the Federal Rules of Civil Procedure;

    2.    Entering default judgment against Defendant RONG NIE pursuant to Rule 55.2(b) of the Local Rules for Southern District of New York and Rule 55 of the Federal Rules of Civil Procedure;

-2-

3. Entering default judgment against Defendant YILING WANG pursuant to Rule 55.2(b) of the Local Rules for Southern District of New York and Rule 55 of the Federal Rules of Civil Procedure;

4. Preliminarily and permanently enjoining Defendants, and all persons in the active concert or participation with them:

    a. from using the term "optionsXpress" or any confusingly similar variations of such term in a corporate or trade name or domain name;

    b. from using names or marks confusingly similar to Plaintiffs' mark;

    c. from false, misleading, or confusing advertising relating to Plaintiffs and their services;

    d. from representing by any means whatsoever, directly or indirectly, that Defendants and/or their products are associated in any way with Plaintiffs and their products and/or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of consumers;

    e. from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers to believe that Defendants' products or services come from or are the products of Plaintiffs, or are somehow sponsored by or associated with Plaintiffs;

    f. from otherwise unfairly diluting the OPTIONSXPRESS Mark and harming Plaintiffs' reputation and goodwill; and

    g. from attempting to defraud the public by using the OPTIONSXPRESS Mark.

5.  Entering judgment in Plaintiffs' favor and against Defendants in the total amount of $100,000 or, alternatively, permit Plaintiff's to institute an inquest whereby it can more fully demonstrate the amount of damages;

6.  Issuing an order of judicial dissolution of Defendants' registered "optionsXpress" entities in New York or, alternatively, issuing an order finding good cause for the dissolution of Defendants' registered "optionsXpress" entities in New York to be proffered to the New York Secretary of State or other New York agency or body for further action;

7.  Prohibiting Defendants from registering Defendants' "optionsXpress" entities with the New York Secretary of State as an agent for purposes of service; and

8.  Granting such other and further relief as this Court may see just and proper.

Dated: July 2, 2014

        WINSTON & STRAWN, LLP
        Attorneys for Plaintiffs
        OPTIONSXPRESS, INC. and
        OPTIONSXPRESS HOLDINGS, INC.

        By:    s/Scott R. Samay
               Scott R. Samay
               200 Park Avenue
               New York, NY 10166
               (212) 294-6700
               ssamay@winston.com