UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

| | |
|---|---|
| optionsXpress, Inc. and optionsXpress Holdings, Inc.<br>        Plaintiffs,<br>  v.<br><br>optionsXpress Inc., Rong Nie, and Yiling Wang<br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:14-cv-00956-PKC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIRMATION OF SCOTT SAMAY IN SUPPORT OF
### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Scott R. Samay, hereby affirms and states pursuant to 28 U.S.C. § 1746:

    1.    I am a member of the bar of this Court and a partner with the law firm Winston & Strawn LLP, attorneys for Plaintiffs optionsXpress, Inc. and optionsXpress Holdings, Inc. (hereinafter "optionsXpress"). I have personal knowledge of the matters stated herein.

    2.    Plaintiff filed the Complaint in this action on February 14, 2014. Docket # 2.

    3.    Plaintiffs' Complaint alleges eight causes of action based upon Defendants' use of Plaintiffs' trade name and registered trademark as well as their improper use of domain names and New York corporations. More specifically, Plaintiffs have alleged:

        a.    use of a trade name with the intent to deceive in violation of New York General Business Law § 133;

        b.    misappropriation in violation of New York common law unfair competition;

        c.    cybersquatting in violation of 15 U.S.C. § 1125(d);

        d.    infringement of a federally registered trademark in violation of 15 U.S.C. § 1114;

e. false designation of origin and false descriptions in violation of 15 U.S.C. § 1125(a);

f. trademark infringement in violation of New York General Business Law § 360-k;

g. injury to business reputation and dilution under New York General Business Law § 360-l; and

h. judicial dissolution of the fake optionsXpress Inc. under New York Business Corporation Law §§ 1101 et seq.

4. As explained in the Memorandum of Law filed in support of the present motion, Plaintiffs' Complaint properly alleges personal jurisdiction and subject matter jurisdiction. Complaint ¶¶ 6-8, 14-16.  The allegations of jurisdiction are grounded in provisions of:  (i) the Lanham Act, 15 U.S.C. §§ 1114, 1125; (ii) 28 U.S.C. §§ 1331 and 1338; (iii) 28 U.S.C. § 1367(a); (iv) Federal Rule 4(k)(1)(A); and (v) N.Y. C.P.L.R. §§ 301 and 302.

5. Service of the Summons and Complaint was made on Defendant optionsXpress Inc. through service on the New York State Secretary of State on February 20, 2014.

6. This Court ordered that service on Defendants Rong Nie, and Yiling Wang was to occur by publication. See Court Order dated April 15, 2014, annexed hereto as Exhibit "1." Docket #12.

7. The New York Times confirmed that service via publication was first made on April 24, 2014, and continued for four consecutive weeks with final publication on May 15, 2014. See Certificate of Publication annexed hereto as Exhibit "2."

8. The Los Angeles Times confirmed that service via publication was first made on April 23, 2014, and continued for four consecutive weeks with final publication on May 14, 2014. See Certificate of Publication annexed hereto as Exhibit "3."

9. Plaintiffs' counsel has not been served with, and the Court's docket does not reflect the filing of, any appearance made on behalf of Defendants or any responsive pleading, motion attacking the Complaint, or other paper filed by Defendants for purposes of defending against the claims alleged in the Complaint.

10. I am not aware of any information that indicates that any Defendant is an infant, in the military or an incompetent person.

11. Attached hereto as Exhibit "4" is a certificate of default signed and stamped by the Clerk of the Court.

I affirm and state under penalty of perjury that the foregoing is true and correct. Executed on: July 2, 2014.

s/Scott R. Samay<br>Scott R. Samay