UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OPTIONSXPRESS, INC. and OPTIONSXPRESS
HOLDINGS, INC.,

                    Plaintiffs,

-against-

OPTIONSXPRESS INC., RONG NIE, and
YILING WANG,

                    Defendants.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-14

14-cv-956 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

      Plaintiffs operate an online retail brokerage firm and own the federally-registered service mark "OPTIONSXPRESS." Plaintiffs allege that defendants, a New York corporation called optionsXpress Inc. and two individual officers of the corporation, have infringed their mark by fraudulently registering a corporation and two domain names confusingly similar to the mark, then using these domain names to deceive consumers into turning over their personal and financial information in the mistaken belief that they were submitting such information to plaintiffs. Defendants have failed to answer plaintiffs' complaint or to enter an appearance in this case, and plaintiffs now move for entry of a default judgment. For the reasons set forth below, plaintiffs' motion is GRANTED.

I.    Background

      Plaintiff optionsXpress, Inc. is a Chicago-based corporation operating an online retail brokerage firm. (Compl. ¶ 1, Dkt. No. 2) Plaintiff optionsXpress Holdings, Inc. is the parent company of optionsXpress, Inc., and owns the federally registered service mark

"OPTIONSXPRESS." (Id. ¶ 9)  Plaintiffs' mark applies to "securities trading and investing services via the internet"; the mark has been granted incontestable status, and has further been registered in "a number of countries around the world." (Id. ¶ 10)

Plaintiffs filed this action on February 14, 2014, alleging that defendants violated the Lanham Act, the Anticybersquatting Consumer Protection Act ("ACPA"), and several provisions of New York's business laws by fraudulently using plaintiffs' mark for their own economic gain.  Specifically, plaintiffs allege that defendants used plaintiffs' mark to register a fraudulent corporate entity in the state of New York, and again by registering the domain names optionsxpressforex.com and oxpxfx.us. (Id. ¶ 17)  Plaintiffs further allege that defendants used their fraudulent websites to deceive unwitting consumers into divulging personal and financial information under the belief that the information was being provided to plaintiffs. (Id. ¶¶ 17-24)  Defendants then used this information for their own economic gain. (Id. ¶ 23)  At least twice, defendants were mistaken as an agent of plaintiffs' for the purpose of service of legal process. (Id. ¶ 27)

Plaintiffs served defendant optionsXpress inc., a New York corporation, on February 20, 2014 by serving the summons and complaint on the New York Secretary of State. (Dkt. No. 5)  With respect to defendants Rong Nie and Yiling Wang, this Court granted plaintiffs' motion for service by publication. (Dkt. No. 12)  Plaintiffs effected service by publication in the New York Times and Los Angeles Times. (Dkt. Nos. 15, 16)

Defendants have not answered the complaint and the time to answer the complaint has expired.  A Clerk's Certificate of Default was issued on July 1, 2014. (Dkt. No. 17)  Plaintiffs now move for an order granting a default judgment against defendants pursuant to Rule 55, Fed. R. Civ. P.  As plaintiffs have complied with Rule 55 and Local Rules 55.1 and 55.2, as

well as this Court's Individual Default Judgment Procedures, the motion for default judgments against defendants is GRANTED.

II.     Jurisdiction

This Court has subject matter jurisdiction over plaintiffs' federal claims under the Lanham Act and ACPA. 28 U.S.C. §§ 1331, 1338. This Court also has supplemental jurisdiction over plaintiffs' claims under New York law, as these claims "are so related to" the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

This Court's exercise of personal jurisdiction over the defendants is appropriate under Rule 4(k)(1)(A), Fed. R. Civ. P., and New York C.P.L.R. §§ 301 and 302. Defendant optionsXpress Inc. is a New York corporation with an office in New York City, and individual defendants Nie and Wang are named officers of the corporation. The complaint alleges that the defendants registered a fraudulent New York corporation, transacted business in New York through the corporation's registered agent, Rong Nie, and registered two domain names from their New York headquarters. (Compl. ¶¶ 14, 16, 17)

III.    Adequacy of Pleadings

Plaintiffs' complaint sets forth eight claims against defendants. The complaint sets forth three counts under federal law: (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin and false descriptions in violation of 15 U.S.C. § 1125(a), and (3) cybersquatting in violation of 15 U.S.C. § 1125(d); three counts under the New York General Business Law ("GBL"): (4) use of a trade name with intent to deceive in violation of GBL § 133, (5) trademark infringement in violation of GBL § 360-k, and (6) injury to business

reputation and dilution under GBL § 360-1; (7) one count of misappropriation under the New York common law of unfair competition; and (8) a claim for judicial dissolution of the corporate defendant under the New York Business Corporations Law ("BCL"), section 1101.

The complaint adequately pleads each of the counts, save for count eight seeking judicial dissolution. With respect to plaintiffs' Lanham Act claims for trademark infringement and false designation of origin, plaintiffs have demonstrated the validity and incontestable status of their service mark, and that defendants' use of the mark was not only likely to cause consumer confusion, but was intended to deceive consumers into divulging personal and financial information. See Savin Corp. v. Savin Grp., 391 F.3d 439, 456 (2d Cir. 2004). Because the analysis for trademark infringement under New York common law is the same as federal trademark analysis, the foregoing establishes liability under GBL § 360-k. See Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc., 04-cv-2293 (JFB) (SMG), 2007 WL 74304, at *8 n.13 (E.D.N.Y. Jan. 8, 2007).

To establish liability under GBL § 133, a plaintiff must demonstrate (1) intent to deceive the public, and (2) the assumption, adoption, or use of a corporate, assumed, or trade name of another. See Specialty Box & Packaging Co. v. Tobin Howe Specialty Co., 399 N.Y.S. 2d 298, 299 (3d Dep't 1977). Plaintiffs have adequately established both of these elements. By registering a corporation with a near-identical name, as well as two web sites with confusingly similar names for the purpose of deceptively acquiring consumers' personal and financial information, defendants assumed the identity of plaintiffs with intent to deceive the public.

To establish a claim under GBL § 360-I, a plaintiff must prove (1) that the trademark is truly distinctive, and (2) a likelihood of dilution either as a result of "blurring" or "tarnishment." See Deere & Co. v. MTD Prods., Inc., 41 F.3d 39, 42 (2d Cir. 1994). Here,

plaintiffs have demonstrated that their mark is unique and distinctive based on its incontestable status and association with their brand.  That defendants were twice mistaken for plaintiffs in connection with the service of legal process indicates the possibility that defendants' infringement will undermine the uniqueness of the mark.  Further, defendants' use of the mark for the deceptive acquisition of personal and financial information could tarnish the optionsXpress brand.  Thus, plaintiffs have adequately pled a claim under GBL § 360-I.

To prevail on a claim of cybersquatting under 15 U.S.C. § 1125(d), a plaintiff must own a famous or distinctive mark and show (1) that a domain name is identical or confusingly similar to, or, in the case of a famous mark, dilutive of the mark, and (2) that the defendant registered the domain name with a "bad faith intent to profit" from the mark.  15 U.S.C. § 1125(d).  Here, plaintiffs have adequately demonstrated that their uncontestable service mark is distinctive, that the two domain names, optionsxpressforex.com and oxpxfx.com, are confusingly similar to plaintiffs' mark, and that defendants registered and used the domain names with a bad faith intent to profit from the mark.

New York courts define unfair competition as "misappropriat[ing] for the commercial advantage of one person . . . a benefit or property right belonging to another."  Berman v. Sugo LLC, 580 F. Supp. 2d 191, 209 (S.D.N.Y. 2008) (quoting Roy Export Co. Establishment of Vaduz v. CBS, 672 F.2d 1095, 1105 (2d Cir. 1982)).  To succeed on an unfair competition claim based on misappropriation, a plaintiff must demonstrate that the defendant (1) "misappropriated the plaintiff's labors, skills, expenditures, or good will," and (2) "displayed some element of bad faith in doing so."  Abe's Rooms, Inc. v. Space Hunters, Inc., 833 N.Y.S.2d 138, 140 (2007).  Plaintiffs have demonstrated that defendants acted in bad faith.  Defendants' deceptive use of plaintiffs' mark was a misappropriation of the good will and reputation of

plaintiffs' business.  Accordingly, plaintiffs have adequately pleaded a claim for unfair competition by misappropriation under New York common law.

Plaintiffs also ask this Court to issue an order dissolving defendant optionsXpress Inc. pursuant to New York B.C.L. § 1101.  That section provides that "[t]he attorney-general may bring an action for the dissolution of a corporation" based on, <u>inter</u> <u>alia</u>, the ground "[t]hat the corporation procured its formation through fraudulent misrepresentation or concealment of a material fact."  N.Y. B.C.L. § 1101(a).

The attorney-general is not a party to this case, and plaintiffs cite no authority for the proposition that a private party may move for the relief available under section 1101(a). With respect to the dissolution of the defendant corporation, plaintiffs' relief lies with the attorney-general of New York.  Accordingly, plaintiffs have failed to state a claim for relief under section 1101(a), and plaintiffs' request that this Court order the dissolution of optionsXpress Inc. is denied.

IV.  <u>Relief</u>

Plaintiffs seek three types of relief: injunctive relief, statutory damages under the Lanham Act of $100,000, and judicial dissolution of the corporate defendant, optionsXpress Inc.

A.  <u>Permanent Injunction</u>

Plaintiffs seek a permanent injunction enjoining the defendants from:

(i) using the term "optionsXpress" or any confusingly similar variations of such term in a corporate or trade name or domain name; (ii) from using names or marks confusingly similar to Plaintiffs' mark; (iii) from false, misleading, or confusing advertising relating to Plaintiffs and their services; (iv) from representing by any means whatsoever, directly or indirectly, that Defendants and/or their products are associated in any way with Plaintiffs and their products

>and/or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of consumers; (v) from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers to believe that Defendants' products or services come from or are the products of Plaintiffs, or are somehow sponsored by or associated with Plaintiffs; (vi) from otherwise unfairly diluting the OPTIONSXPRESS Mark and harming Plaintiffs' reputation and good will; and (vii) from attempting to defraud the public by using the OPTIONSXPRESS Mark.

See Complaint at 13-14. "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." Winter v. Natural Res. Defense Council Inc., 555 U.S. 7, 32 (2008) (citation omitted). "In seeking an injunction, 'the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation . . . .' " E.E.O.C. v. KarenKim, Inc., 698 F.3d 92, 100 (2d Cir. 2012) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)).

In order to obtain a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). "A plaintiff who establishes that an infringer's use of its trademark creates a likelihood of consumer confusion generally is entitled to a presumption of irreparable injury." Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 144 (2d Cir. 2005).

Here, plaintiffs have satisfied the requirements for obtaining a permanent injunction. The complaint establishes that defendants' infringement creates a likelihood of consumer confusion: indeed, creating and exploiting such confusion to obtain consumers' personal and financial information was defendants' intent. Thus, the presumption of irreparable injury applies. Because the damage to plaintiffs' enterprise and reputation is difficult to

quantify, remedies at law such as monetary damages are inadequate to compensate for plaintiffs' injury.  The balance of hardships tips decidedly in plaintiffs' favor: they have a substantial interest in defending their incontestable service mark and brand, while defendants have no legitimate interest in their illegal use of the mark.  And the public interest would not be disserved by an injunction preventing defendants' fraudulent infringement scheme, which has victimized numerous consumers and, in the absence of injunctive relief, will likely continue to do so.

### B.  Statutory Damages

Plaintiffs seek statutory damages under 15 U.S.C. § 1117(d), which provides:

> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. § 1117(d).  District courts have wide discretion in awarding statutory damages under 15 U.S.C. § 1117.  <u>Malletier v. Artex Creative Int'l Corp.</u>, 687 F. Supp. 2d 347, 355 (S.D.N.Y. 2010) (citations omitted).

Here, plaintiffs have alleged that the defendants registered two fraudulent domain names that are "confusingly similar" to plaintiffs' service mark with a bad faith intent to profit from their use of the mark.  15 U.S.C. § 1125.  Accordingly, plaintiffs are eligible to recover statutory damages between $2,000 and $200,000.  Plaintiffs have requested an award of $100,000.  In light of defendants' fraudulent use of the domain names to deceive consumers into divulging personal and financial information, the Court finds that an award of $100,000 in statutory damages is just and appropriate.

### C. Judicial Dissolution

As discussed above, plaintiffs ask this Court to issue an order dissolving defendant optionsXpress Inc. pursuant to New York B.C.L. § 1101. However, because the statute provides that only the attorney-general may move for relief under section 1101, plaintiffs' request that this Court order the dissolution of optionsXpress Inc. is denied.

### CONCLUSION

Plaintiffs' motion for entry of default judgment is GRANTED. Plaintiffs are entitled to $100,000 in statutory damages and certain permanent injunctive relief described herein against the defendants' future use of their service mark. Plaintiffs shall submit a proposed Final Judgment consistent with this Memorandum and Order within 14 days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 25, 2014